

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| CYNTHIA L. GAVIN, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:14-217-MGL-KDW |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| Defendant. | § | |

---

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND REVERSING AND REMANDING THE MATTER FOR FURTHER PROCEEDINGS

---

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying her claims for Disability Insurance Benefits (DIB). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that this matter be reversed and remanded for further administrative proceedings. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 29, 2014, and Defendant filed a reply on November 17, 2014, stating that she would not be filing any objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72  advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Plaintiff alleges that her disability commenced on June 1, 2011, when she could no longer work due to back/nerve damage, high blood pressure, and left knee problems.  Her applications were denied initially and upon reconsideration.  Plaintiff then requested a hearing before an Administrative Law Judge (ALJ).  After the requested hearing, the ALJ issued a decision finding that Plaintiff was not disabled.  The Appeals Council subsequently denied  Plaintiff's request for review, thus making the ALJ's decision Defendant's final decision for purposes of judicial review.  Thereafter, Plaintiff brought her action in this Court seeking judicial review of Defendant's final decision.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court that this matter is **REVERSED AND REMANDED** for further administrative proceedings.

**IT IS SO ORDERED**.

Signed this 17th day of November, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE